_____

SO ORDERED,

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: March 6, 2015

The Order of the Court is set forth below. The docket reflects the date entered.
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

RANDY TATUM AND                                             CASE NO. 14-03676-NPO
JUANITA TATUM,

    DEBTORS.                                                  CHAPTER 13

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

    This matter came before the Court for hearing on January 26, 2015 (the "Hearing") on the Motion for Relief from Automatic Stay (the "Motion for Relief") (Dkt. 18) filed by Johnny R. Riley ("Riley"), the Creditor's Objection to Confirmation (the "Objection to Confirmation") (Dkt. 19) filed by Riley, the Response to Creditor's Motion for Relief from Stay (Dkt #18) (Dkt. 28) filed by Randy Tatum and Juanita Tatum (collectively, the "Debtors"), and the Response to Creditor's Objection to Confirmation (Dkt #19) (the "Response to the Objection to Confirmation") (Dkt. 29) filed by the Debtors in the above-styled bankruptcy case (the "Bankruptcy Case"). At the Hearing, J. Tyler McCaughn appeared on behalf of Riley, and Jim Arnold appeared on behalf of the Debtors. The Court, being fully advised in the premises, finds that the Motion for Relief should be denied for the reasons that follow.

**Jurisdiction**

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Notice of the Motion for Relief was proper under the circumstances.

**Facts**

1. On February 6, 2010, the Debtors entered into a rental purchase agreement (the "Agreement") (Dkt. 18, Ex. A) with Riley in which the Debtors agreed to purchase, *inter alia*, a piece of property and a manufactured home located at 11164 Road 351, Union, Mississippi (the "Subject Property") from Riley in exchange for $44,979.97 to be made to Riley in monthly payments of $475.00.

2. On October 16, 2014, due to the Debtors' delinquent payments, the Justice Court of Neshoba County, Mississippi (the "Neshoba County Justice Court") entered a judgment (the "Justice Court Judgment") (Dkt. 18, Ex. B) ordering the Debtors to pay $3,574.00[1] to Riley and vacate the Subject Property within thirty (30) days.

3. On November 13, 2014, the Debtors jointly filed a voluntary petition for relief (the "Petition") (Dkt. 1) pursuant to chapter 13 of the United States Bankruptcy Code (the "Code").

4. On November 30, 2014, the Debtors filed their Chapter 13 Plan (the "Plan") (Dkt. 9). The Plan lists Riley as a creditor holding a non-mortgage secured claim in the amount of $3,574.00 to be paid the full amount owed with 5.00% interest.

---

[1] According to the Justice Court Judgment, the $3,574.00 award consists of $74.00 for court costs, $2,825.00 for rent owed, and $675.00 for attorney's fees.

5. On January 7, 2015, Riley filed the Motion for Relief and the Objection to Confirmation. Both the Motion for Relief and the Objection to Confirmation are nearly identical in substance and form. In the two pleadings, it appears that Riley is requesting two alternative forms of relief. First, Riley requests the Court to hold that the automatic stay does not apply to the Subject Property and that Riley is able to possess the Subject Property immediately. In the alternative, if the Court does not grant the Motion for Relief and hold that the Debtors should relinquish possession of the Subject Property to Riley, Riley objects to the Plan because the Debtors did not file the plan in good faith and the Plan does not provide for the payment of the actual amounts owed to Riley under the Agreement.

6. At the Hearing, Riley specifically argued that the automatic stay should not apply to the Subject Property pursuant to the exception provided in 11 U.S.C. § 362(b)(22).[2]

## Discussion

As discussed by the Court and the parties at the Hearing, the disposition of the Motion for Relief will affect the parties' arguments, legal positions, and requested relief in the Objection to Confirmation and the Response to the Objection to Confirmation. As such, this Opinion solely addresses the Motion for Relief, and the Court will issue a separate order resetting the Objection to Confirmation and the Response to the Objection to Confirmation to a later date.

"When a bankruptcy petition is filed, an automatic stay operates as a self-executing injunction" that prevents creditors from pursuing collection efforts against the debtor or the property of the debtor's estate for pre-petition debts. *Campbell v. Countrywide Home Loans, Inc.,* 545 F.3d 348, 354–55 (5th Cir. 2008). The automatic stay in § 362(a) is designed to protect

---

[2] Hereinafter, all code sections refer to the Code found at Title 11 of the United States Code, unless otherwise noted.

both debtors and creditors. The stay provides "breathing room" for a debtor and enables "the equitable disbursement of estate property among creditors." *Templeton Mortg. Corp. v. Chesnut (In re Chesnut),* 422 F.3d 298, 301 (5th Cir. 2005) (citations omitted). While the automatic stay has a broad scope, the Code provides certain exceptions to the stay's application. Section 362(b) lists these exceptions that, in effect, prevent the automatic imposition of a stay upon the commencement of a bankruptcy case. 11 U.S.C. § 362(b); *see* 3 COLLIER ON BANKRUPTCY ¶ 362.05 (16th ed. 2014) ("[B]y excepting particular acts or actions from the stay, Congress has shifted the burden of seeking relief to the party seeking the protection against those acts."). One such exception is set forth in § 362(b)(22)[3] and provides that, subject to § 362(*l*),[4] the filing of a petition does not invoke the automatic stay under § 362(a) with respect to:

> [T]he continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor.

11 U.S.C. § 362(b)(22).

Here, Riley argues that § 362(b)(22) applies and the automatic stay was not triggered by the filing of the Petition as to the Subject Property. The Court, however, finds that the § 362(b)(22) does not apply to the instant matter. Exceptions to the automatic stay should be read narrowly. 3 COLLIER ON BANKRUPTCY ¶ 362.05 (16th ed. 2014). Under the terms of

---

[3] This exception was added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109–8, 119 Stat. 23.

[4] Section 362(*l*) enables a debtor to prevent § 362(b)(22) from taking immediate effect if the debtor takes various procedural steps, which include filing certain certifications along with the petition and the serving those certifications on the lessor under penalty of perjury. 11 U.S.C. § 362(*l*). As explained later is this Opinion, the Court finds that the exception to the automatic stay in § 362(b)(22) was not triggered by the filing of the Petition. Thus, it is not necessary for the Court to determine whether the Debtor has taken the appropriate steps to trigger the safe harbor provisions of § 362(*l*).

§ 362(b)(22), the "judgment for possession" must be "obtained before the date of the filing of the bankruptcy petition." 11 U.S.C. § 362(b)(22); *see* Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 431.1[30]. While the Bankruptcy Code does not define "judgment for possession," bankruptcy courts have turned to the conventional meaning of the word "judgment" in applying § 362(b)(22). *See In re Nitzsky*, 516 B.R. 846, 847-850 (Bankr. W.D. N.C. 2014); *In re Alberts*, 381 B.R. 171, 177-78 (Bankr. W.D. Penn. 2008). In both *Nitzsky* and *Alberts*, the courts focused on Black's Law Dictionary's definition of "judgment" as "[a] court's *final* determination of the rights and obligations of the parties in a case." *Id.* (both quoting Black's Law Dictionary (8th ed. 2004)). The Court agrees with the *Nitzsky* and *Alberts* courts' analysis of the term "judgment," and holds that an order must be final and non-appealable to constitute a "judgment for possession" for the purposes of § 362(b)(22). *See In re Nitzsky*, 516 B.R. 846, 847-850 (Bankr. W.D. N.C. 2014). In *Alberts*, the court held that a state court order was not final, and, therefore, not a "judgment" for purposes of § 362(b)(22), because it was subject to *de novo* review after the debtor appealed the order prior to filing a petition for bankruptcy relief. 381 B.R. at 177-78. In *Nitzsky*, the court held that a state court order was not final, and, therefore, not a "judgment" for purposes of § 362(b)(22), because the order was *subject to appeal* when the debtor filed a petition for bankruptcy relief. 516 B.R. at 849 (emphasis added).

The underlying facts of the Motion for Relief currently before the Court are similar to those before the bankrutpcy court in *Nitzsky*. Here, the Neshoba County Justice Court entered the Justice Court Judgment on October 16, 2014. Under Mississippi law, an appeal from a justice court judgment must be made within thirty (30) days after the judgment is issued. *See* MISS. R. UNIF. CIR. AND CTY. CT. R. 5.04 ("[T]he notice of appeal . . . must be [filed] . . . within thirty

(30) days of the entry of the order or judgment being appealed."); MISS. UNIF. JUSTICE CT. R. 1.25 (applying URCCC 5.04 to appeals made from justice court); *see also* 2 MS Prac. Civ. P. § 17:2; Time Limit for Appeals, Op. Att'y Gen. No. 96-0086, 1996 WL 155974 (Miss. A.G. 1996). The Debtor filed the Petition on November 13, 2014, twenty-eight (28) days after the Justice Court Judgment was entered. Thus, the Justice Court Judgment, like the state court order in *Nitzsky*, was subject to appeal at the time the Debtor filed the Petition. For this reason, the Court finds that the Justice Court Judgment is not a final and non-appealable order and, thus, not a "judgment for possession" for purposes of § 362(b)(22). Consequently, § 362(b)(22) was not triggered by the filing of the Petition, and the Motion for Relief should be denied.

## Conclusion

For the above and foregoing reasons, the Court finds that the Motion for Relief should be denied.

IT IS, THEREFORE, ORDERED that the Motion for Relief hereby is denied.

##END OF OPINION##